UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
COLUMBUS DIVISION

CASE NO.:

ADAM ROMANOWICZ,

    Plaintiff,

v.

CHRIST EMBASSY COLUMBUS,

    Defendant.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff ADAM ROMANOWICZ by and through his undersigned counsel, brings this Complaint against Defendant CHRIST EMBASSY COLUMBUS for damages and injunctive relief, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

1. Plaintiff ADAM ROMANOWICZ ("Romanowicz") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Romanowicz's original copyrighted Work of authorship in his Work.

2. Shooting the world since 1997, Romanowicz strives to create a strong sense of place in his travel related fine art photographs. The idea is to make the viewer feel that they are literally standing in the image rather than just looking at it. Other than travel, photo interests include aviation, underwater, and macro. Romanowicz is also getting into digital art, focusing on the surreal 3D world.  Romanowicz's archival quality prints can be purchased directly from his fine art gallery at AdamRomanowicz.com, and can be printed on various fine art papers, canvas, and acrylic, framed or unframed. His images have been exhibited in galleries and juried shows

around Chicagoland.  In addition to fine art prints, Romanowicz offers a large collection of editorial and commercial stock photography. Stock images are available for license on his award winning website, 3scape.com.

3.	Defendant CHRIST EMBASSY COLUMBUS ("C.E.C.") is a Christian-based organization and megachurch located in Columbus, Ohio. C.E.C. owns and operates the website URL: https://www.christembassycolumbusohio.org/ ("Website")

4.	Romanowicz alleges that C.E.C. copied Romanowicz's copyrighted Work from the internet in order to advertise, market and promote its business activities.  C.E.C. committed the violations alleged in connection with C.E.C.'s business for purposes of advertising and promoting sales to the public in the course and scope of the C.E.C.'s business.

## JURISDICTION AND VENUE

5.	This is an action arising under the Copyright Act, 17 U.S.C. § 501.

6.	This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

7.	Defendant is subject to personal jurisdiction in Ohio.

8.	Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendant engaged in infringement in this district, Defendant resides in this district, and Defendant is subject to personal jurisdiction in this district.

## DEFENDANT

9.	Christ Embassy Columbus is a domestic Ohio non-profit Corporation, with its principal place of business at 1395 E Dublin Granville Road, Suite 118, Columbus, OH 43229, and can be served by serving its Registered Agent, Emeanyi Pauline Nkafu, 6560 Cooper Meadows Road, Westerville, OH 43081.

## THE COPYRIGHTED WORK AT ISSUE

10. In 2017, Romanowicz created the photograph entitled Columbus Ohio Skyline at Night, which is shown below and referred to herein as the "Work".

11. At the time Romanowicz created the Work, Romanowicz applied copyright management information to the Work consisting of "Copyright © Adam Romanowicz – 3scape Photos".

12. Romanowicz registered the Work with the Register of Copyrights on July 18, 2017 and was assigned the registration number Vau 1-281-805. The Certificate of Registration is attached hereto as Exhibit 1.

13. Romanowicz's Work is protected by copyright but is not otherwise confidential, proprietary, or trade secrets.

14. At all relevant times Romanowicz was the owner of the copyrighted Work at issue in this case.



**INFRINGEMENT BY DEFENDANT**

15. C.E.C. has never been licensed to use the Work at issue in this action for any purpose.

16. On a date after the Work at issue in this action was created, but prior to the filing of this action, C.E.C. copied the Work.

17. On or about July 6, 2020, Romanowicz discovered the unauthorized use on the Website. The Work was used as a background photo for the Website.

18. C.E.C. copied Romanowicz's copyrighted Work without Romanowicz's permission.

19. After C.E.C. copied the Work, it made further copies and distributed the Work on the internet to promote the sale of goods and services as part of its general proclamation of location, service times, and general "About Us" description.

20. C.E.C. copied and distributed Romanowicz's copyrighted Work in connection with C.E.C.'s business for purposes of advertising and promoting C.E.C.'s business, and in the course and scope of advertising and selling products and services.

21. Romanowicz's Works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

22. C.E.C. committed copyright infringement of the Work as evidenced by the documents attached hereto as Exhibit 2.

23. Romanowicz never gave C.E.C. permission or authority to copy, distribute or display the Work at issue in this case.

24. Romanowicz notified C.E.C. of the allegations set forth herein on September 1, 2020 and October 1, 2020. To date, C.E.C. has failed to respond to Plaintiff's Notices. Copies of the Notices to C.E.C. are attached hereto as Exhibit 3.

25. When C.E.C. copied and displayed the Work at issue in this case, C.E.C. removed Romanowicz's copyright management information from the Work.

26. Romanowicz never gave C.E.C. permission or authority to remove copyright management information from the Work at issue in this case.

## COUNT I
## COPYRIGHT INFRINGEMENT

27. Romanowicz incorporates the allegations of paragraphs 1 through 26 of this Complaint as if fully set forth herein.

28. Romanowicz owns a valid copyright in the Work at issue in this case.

29. Romanowicz registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

30. C.E.C. copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Romanowicz's authorization in violation of 17 U.S.C. § 501.

31. C.E.C. performed the acts alleged in the course and scope of its business activities.

32. C.E.C.'s acts were willful.

33. Romanowicz has been damaged.

34. The harm caused to Romanowicz has been irreparable.

## COUNT II
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

35. Romanowicz incorporates the allegations of paragraphs 1 through 26 of this Complaint as if fully set forth herein.

36. The Work at issue in this case contains copyright management information ("CMI").

37. C.E.C. knowingly and with the intent to enable or facilitate copyright infringement, removed CMI from the Work at issue in this action in violation of 17 U.S.C. § 1202(b).

38. C.E.C. committed these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Romanowicz's rights in the Work at issue in this action protected under the Copyright Act.

39. C.E.C. caused, directed and authorized others commit these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Romanowicz's rights in the Work at issue in this action protected under the Copyright Act.

40. Romanowicz has been damaged.

41. The harm caused to Romanowicz has been irreparable.

WHEREFORE, the Plaintiff Adam Romanowicz prays for judgment against the Defendant Christ Embassy Columbus that:

    a. Defendant and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501, 1203;

b. Defendant be required to pay Plaintiff his actual damages and C.E.C.'s profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. §§ 504, 1203;

c. Plaintiff be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

d. Plaintiff be awarded pre and post-judgment interest; and

e. Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED: February 25, 2021              Respectfully submitted,

*/s/ John D. Gigliotta*
JOHN D. GIGLIOTTA (0062809)
johng@inventorshelp.com

**GUGLIOTTA & GUGLIOTTA, LPA**
3020 W. Market Street
Akron, OH  44301
330.253.2225 – Telephone
330.253.6658 – Facsimile

*Attorneys for Plaintiff Adam Romanowicz*